Catterson, J.
(dissenting in part). Because I believe the defendants are entitled to recoup the fees incurred in litigating their right to indemnification, I must respectfully dissent in part. The language of the indemnification clauses in the LLC operating agreements permits recovery up to the statutory limit, and the Limited Liability Company Law, unlike the Business Corporation Law, authorizes indemnification “from and against any and all claims and demands whatsoever” (Limited Liability Company Law § 420).
The plaintiffs in this case are limited liability companies that purchased various properties. Defendants Arfa, Shpigel and Zamir were the LLCs’ sole members, and outside investors were solicited to purchase interests in the LLCs. Arfa and Shpigel also controlled defendant-appellant American Elite Properties (hereinafter referred to as AEP). The plaintiffs brought an action alleging that the defendants misrepresented or failed to disclose to the plaintiffs and investors that they had received commissions from the sellers of the properties.
The motion court dismissed the action on the ground that the LLCs lacked standing, and this Court affirmed. (54 AD3d 543 [1st Dept 2008], lv dismissed in part, denied in part 12 NY3d 840 [2009].) During the time between the motion court’s dismissal and perfection of the appeal, the investors brought a separate action (Roni LLC v Arfa, index No. 601224/2007) against the same defendants as in this case.
In September 2008, the defendants moved for indemnification of their expenses. Arfa and Shpigel sought indemnification in their capacities as managers of the LLCs and AEP sought indemnification as their agent pursuant to section 6.8 of four LLC operating agreements. The • defendants sought approximately $177,000 in fees, which included both attorneys’ fees expended in defense of the underlying litigation and the fees incurred in litigating their indemnification rights. The court denied the motion on the ground that it was premature. The motion court reasoned that the resolution of Roni LLC v Arfa, brought by the LLC investors against the same defendants in this case, could result in a finding that the defendants had engaged in misconduct, which would preclude indemnification.
*125 On appeal, this Court reversed, granted the motion, and remanded for calculation of legal expenses. (70 AD3d 512 [1st Dept 2010].) We found that the pendency of the parallel investor action did not render indemnification premature and that requiring the defendants to wait for resolution of all of the related claims “would eviscerate the right to indemnification.” (70 AD3d at 512.) We expressly declined to address whether indemnification should include fees incurred in moving for indemnification or in prosecuting the appeal (hereinafter referred to as fees on fees) because that issue was not fully briefed.
On February 25, 2010, the defendants moved in Supreme Court for an order directing the escrow agent holding the funds securing the indemnification obligations to release $177,144.18 for (1) expenses for defending the action, (2) expenses for seeking indemnification and obtaining it on appeal, (3) prejudgment interest on the amount indemnified, (4) expenses for moving for release of the escrow, and (5) prejudgment interest thereon. The defendants attached redacted legal invoices in support of the motion.
In an April 7, 2010 order, the motion court denied the defendants’ request for fees on fees and referred the issue of the reasonableness of the remaining fees to a special referee/judicial hearing officer to hear and report. At the hearing, defendants sought $139,395 in attorneys’ fees and $10,760 in disbursements. Because the motion court denied its request for fees on fees, defendants submitted no proof on those fees.
The judicial hearing officer (hereinafter referred to as JHO) found $132,176.88 of the expenses reasonable and indemnifiable, and recommended an award in that amount and prejudgment interest. The plaintiffs moved to reject the JHO’s recommendation. The defendants opposed and cross-moved to confirm. The motion court confirmed in part, rejected in part, and modified the report, finding that the JHO’s findings were not supported by the record. (2011 NY Slip Op 31610[U] [2011].) Shortly thereafter, the parties submitted a consent order directing the escrow agent to release $94,051.23, the amount confirmed by the June 15, 2011 order. The defendants reserved their right to appeal the motion court’s decision, and enforcement of the order was stayed pending appeal.
I agree with the majority that the motion court should have confirmed the JHO’s report in its June 15 order. However, in my opinion, the motion court’s denial of the defendants’ fees on *126 fees should be reversed. For the reasons set forth below, we should instead remand for a calculation of reasonable expenses incurred by the defendants in successfully litigating their rights to indemnification.
It is well established that “an award of fees on fees must be based on a statute or on an agreement.” (Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15 [1st Dept 2001], lv denied 97 NY2d 608 [2002].) In this case, section 6.8 of the LLC operating agreements states in relevant part:
“The Company shall indemnify and hold harmless each Manager and its or his direct or indirect agents . . . from and against all claims and demands to the maximum extent permitted under the [New York Limited Liability Company Law], except to the extent that such claims or demands result from the willful misconduct or gross negligence of the Manager seeking such indemnification” (emphasis added).
Section 202 (k) of the Limited Liability Company Law authorizes an LLC to “indemnify a member or manager or any other person” “[u]nless the articles of organization provide otherwise and subject to any limitations provided in this chapter or any other law of this state.” Section 420 provides that
“[s]ubject to the standards and restrictions, if any, set forth in its operating agreement, a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person . . . , from and against any and all claims and demands whatsoever-, provided, however, that no indemnification may be made to or on behalf of any member, manager or other person if a judgment or other final adjudication adverse to such member, manager or other person establishes (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled” (emphasis added).
Under the expansive language of the LLC agreements, the defendants are to be indemnified for “all claims and demands” including legal expenses, up to the statutory limitations. Other *127 than the exceptions contained in subdivisions (a) and (b), there are no statutory limitations on such indemnification.
Where “the statutory language is clear and unambiguous” and “describes the particular situations in which it is to apply, ‘an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.’ ” (Matter of Schultz Mgt. v Board of Stds. & Appeals of City of N.Y., 103 AD2d 687, 689 [1st Dept 1984] [internal quotations marks omitted], affd 64 NY2d 1057 [1985], citing McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) It would appear then that under Limited Liability Company Law § 420, there is no limitation on attorneys’ fees.
Indeed, the language differs starkly from that in Business Corporation Law § 722 (a), which limits attorneys’ fees to those that are “actually and necessarily incurred as a result of such action or proceeding.” The Court of Appeals’ decision in Baker v Health Mgt. Sys. (98 NY2d 80 [2002]), therefore, should be found inapplicable in this case. In Baker, the Court held that section 722 (a) does not require that an officer or director of a corporation receive fees on fees after successfully litigating contractual indemnification rights in the absence of a specific provision in the corporation’s bylaws requiring that such fees be paid in an indemnification dispute. Section 722 (a) states, in pertinent part,
“[a] corporation may indemnify any person made, or threatened to be made, a party to an action or proceeding (other than one by or in the right of the corporation to procure a judgment in its favor), whether civil or criminal ... by reason of the fact that [the person] . . . was a director or officer of the corporation . . . against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys’ fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose . . . believed to be in . . . the best interests of the corporation” (emphasis added).
The Court determined that the phrase “[attorneys’ fees] ‘actually and necessarily incurred as a result of such action or proceeding’,” requires a “reasonably substantial nexus between the expenditures and the underlying suit” (98 NY2d at 85), and rejected the plaintiffs claim for fees on fees as too attenuated from the underlying action. The Court rejected the plaintiffs *128 expansive “but for” test, concluding that there was nothing “indicating that the Legislature intended to provide coverage for fees on fees.” (98 NY2d at 87-88.)
Limited Liability Company Law § 420, on the other hand, states that “a limited liability company may, and shall have the power to, indemnify and hold harmless, and advance expenses to, any member, manager or other person . . . , from and against any and all claims and demands whatsoever” (emphasis added). The statutory language is virtually identical to Delaware’s Limited Liability Company Act, which states that “a limited liability company may, and shall have the power to, indemnify and hold harmless any member or manager or other person from and against any and all claims and demands whatsoever.” (Del Code Ann, tit 6, § 18-108 [emphasis added].) There is no statute or binding precedent in New York that expressly prohibits the recovery of fees on fees under section 420, and the plaintiffs advance no compelling reason to infer such a limitation. As we observed in Ficus Invs., Inc. v Private Capital Mgt., LLC (61 AD 3d 1, 9 [1st Dept 2009]), “Delaware courts have had ample opportunity to address these issues of indemnification for and advancement of expenses and, although not binding as to . . . New York law, their holdings can be instructive.” As such, I would adopt the rationale of the Delaware courts, which have long awarded fees on fees in indemnification proceedings brought by LLC officers and directors for the reasons articulated in Stifel Fin. Corp. v Cochran (809 A2d 555 [Del 2002]). (See e.g. Sodano v American Stock Exch. LLC, 2008 WL 2738583, *17, 2008 Del Ch LEXIS 92, *61-62 [Del Ch 2008]; DeLucca v KKAT Mgt., L.L.C., 2006 WL 4762856, *16, 2006 Del Ch LEXIS 19, *51-52 [Del Ch 2006]; Senior Tour Players 207 Mgt. Co. LLC v Golftown 207 Holding Co., LLC, 853 A2d 124 [Del Ch 2004].)
In Stifel Fin. Corp., the court observed that “the indemnification statute should be broadly interpreted” to include fees on fees in order to effectuate the remedial purpose of the statute. (809 A2d at 561; see also Gagne v Maher, 594 F2d 336, 344 [2d Cir 1979], affd 448 US 122 [1980] [a fee on fee is compensable under the Civil Rights Attorney’s Fees Awards Act of 1976; to “deny() attorneys’ fees for time spent in obtaining them would dilute the value of a fees award”] ([internal quotation marks and citations omitted)].) Otherwise, an attorney representing a member or manager who is litigating statutorily authorized indemnification must seek compensation from the member or *129 manager or remain uncompensated, a result that is clearly contrary to the express purpose of the statute to protect members and managers from personal liability for LLC expenses. “[W]ithout an award of attorneys’ fees for the indemnification suit itself, indemnification would be incomplete.” (Stifel Fin. Corp., 809 A2d at 561.) As the Delaware courts have reasoned, fees on fees are recoverable in “recognition to the reality that the [LLC] itself is responsible for putting the [officer or] director through the process of litigation” and because doing so “prevents [an LLC] from using its ‘deep pockets’ to wear down a former [officer or] director with a valid claim to indemnification, through expensive litigation.” (See Stifel Fin. Corp., 809 A2d at 561.)
Moreover, this Court has explicitly rejected the “argument that Baker v Health Mgt. Sys. . . . created a per se rule against fees on fees.” (Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [1st Dept 2004].) To the contrary, we have found that “persuasive if not binding authority strongly suggests that statutes creating a right to attorneys’ fees are served by [the] allowance [of fees on fees].” (Kumble v Windsor Plaza Co., 161 AD2d 259, 261 [1st Dept 1990], lv denied 76 NY2d 709 [1990] [finding that a “fee on a fee” was authorized under Real Property Law § 234, the fee-shifting statute in landlord-tenant litigation]; see e.g. Posner, 12 AD3d at 179 [fees on fees awarded where recovery of attorneys’ fees was permitted under Debtor and Creditor Law § 276-a].)*
Mazzarelli, J.P, Friedman and Freedman, JJ., concur with Andrias, J.; Catterson, J., dissents in part in a separate opinion.
Order, Supreme Court, New York County, entered April 7, 2010, affirmed, without costs. Orders, same court and Justice, entered June 15, 2011 and July 14, 2011, modified, on the facts, *130 to confirm the report of the Judicial Hearing Officer, and otherwise affirmed, without costs.

 The following courts have also awarded fees on fees where the award of attorneys’ fees was permitted by statute: Podhorecki v Lauer’s Furniture Stores (201 AD2d 947 [4th Dept 1994] [recovery of fees on fees was permitted when an award of attorneys’ fees was authorized under General Business Law § 396-u (7)]); see also Hargett v Town of Ticonderoga (31 Misc 3d 443 [Sup Ct, Essex County 2010] [recovery of fees on fees permitted where the Eminent Domain Procedure Law § 702 (B) provides for fees incurred “because of the acquisition procedure”]); Matter of Sidney K. v Ambach (144 AD2d 874 [3d Dept 1988], lv dismissed 75 NY2d 765 [1989] [fees on fees permitted where Handicapped Children’s Protection Act authorizes an award of counsel fees to parents who prevail in actions]); Alfonso v Rosso (137 Misc 2d 915 [Civ Ct, NY County 1987] [fees on fees permitted where attorneys’ fees were recoverable under Judiciary Law § 773]).